THE TOWN OF CABOT *v.* THE TOWN OF WALDEN.

*Gen. Sts. ch.* 20, § 33. *Overseers of the Poor. Evidence. Books of Entry Required by Law to be kept.* ·

Section 33, ch. 20, of the Gen. Sts., makes it a part of the official duty of overseers of the poor, to keep a particular and true account of all their expenditures for the poor, therein designating the particular poor person for whom each item of expenditure is made.

A book kept by the town for such purpose, and wherein such entries are made, is admissible as evidence in favor of the town, to prove the fact of such expenditures.

APPEAL from an order of removal of Samuel Hodgdon, a pauper, from the town of Cabot to the town of Walden. Trial by jury, September term, 1872, PECK, J., presiding.

Upon the question of whether the pauper had gained a settlement in the defendant town by residing there from June 4, 1852, to the fall of 1859, the defendant offered to show that the town assisted the pauper a small amount in 1858, and for that purpose, introduced Amos W. Eddy as a witness, who testified that he knew J. W. Dow, formerly of Walden, and that he was once acting overseer of the poor of said town. The witness produced a

book, and the defendant offered to show that it was the book kept by said town as the book of expenditures of the town for the support of the poor, required by the statute to be kept, and that a certain entry thereon, under date of the year 1858, purporting to be an expenditure for the pauper in question, was in the handwriting of said Dow, who was then out of the state. The defendant offered no other evidence to show that such assistance was in fact rendered. The plaintiff objected to the book as evidence, and the court excluded the same; to which the defendant excepted.

*S. C. Shurtleff*, for the defendant.

The evidence offered by the defendant is clearly admissible. It was the duty of the overseer of the poor to keep the book, and make the proper entries. Gen. Sts. ch. 20, § 33; 1 Greenl. Ev. §§ 116, 147; *Boston* v. *Weymouth*, 4 Cush. 538; *Derby* v. *Salem*, 30 Vt. 722.

*J. P. Lamson*, for the plaintiff.

The book itself, in the absence of any testimony to show that assistance *in fact* was furnished, was not admissible.

It was not a book of records, nor a book required by law to be kept by the overseer. Gen. Sts. 139, § 33. The entry on the book does not prove that the town of Walden furnished any support to the pauper. The defendant did not offer to show that there was any furnishing in fact, or that the town of Walden ever paid Dow for this charge, or that his account was ever audited by the town auditors. It was the duty of the town to have produced the testimony of Dow, and by him proved the furnishing, if there was any.

The opinion of the court was delivered by

Ross, J.   The only exception urged by the defendant, is the one taken to the refusal of the court to admit in evidence the book produced by the witness, Amos W. Eddy. The defendant had shown that J. W. Dow had been overseer of the poor of Walden, and offered to show that the book presented was the

book kept by the town as its book of expenditures for the support of the poor, required to be kept by the statute ; that in it there was a charge, or entry, of an expenditure, under the date of 1858, in the handwriting of said Dow, which purported to have been made for the pauper in question ; and that Dow was, at the time of the trial, out of the state. In the absence of any testimony that the assistance was rendered, the court excluded the book as evidence. This evidence was not admissible on any principle decided, or held, in *Derby* v. *Salem*, 30 Vt. 722, or in *Cavendish* v. *Troy*, 41 Vt. 99. In those cases it was held that entries of dealings with the pauper, made at the time of the occurrence of the transactions recorded, by a person not a party to, or interested in, the event of the suit, were—it being shown that the person making the entries had deceased—admissible, in connection with other testimony, to show where the pauper was residing at the time the transactions occurred. In the case at bar, the entry was made by the then acting overseer of the poor of the defendant, the agent of the defendant, and was offered in favor of the defendant. Generally, a party cannot make evidence in its own favor. If this was a private entry, made by the overseer for his own convenience, or for the convenience of the town, it was properly excluded. By § 33, ch. 20, Gen. Sts., it is provided : " The overseers shall, annually, within fifteen days after the termination of their respective offices, exhibit to their successors in office a particular and true account of all the moneys by them respectively received and expended for the use of the poor ; and from whom, to whom, and for what uses and purposes, together with an account of the earnings of the poor persons. " *  *  * " And the said overseers so going out of office, shall, at the time of presenting their accounts for adjustment, deliver to their successors in office all books and papers relating to the poor." We think, by this statute, it is made a part of the official duty of the overseer of the poor, to keep a particular and true account of all his expenditures for the poor, therein designating the particular poor person for whom each item of expenditure is made, not only for his own convenience and that of the other officers of the town in making settlements with him, but also, that

it may, at all times, be known to whom aid is granted by each town, and the extent of such aid. An entry of this character, which must be presumed to have been made at the time of the transaction recorded, by one who must have had competent knowledge of the fact, and on whom the statute has imposed the duty to make the entry truly and according to the fact, is admissible as original evidence. 1 Greenl. Ev. § 115. It may be used as well against as for the town in whose behalf it was made. It may not be conclusive of the fact recorded. It may be impeached, or shown to be erroneous, like any other evidence; but it is admissible as having a tendency to establish the fact as recorded. We think the court erroneously excluded the evidence offered.

Judgment reversed, and cause remanded.